**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2012

Lyle W. Cayce
Clerk

No. 11-40843

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESEQUIEL AVILA-BUJANOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-985

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Esequiel Avila-Bujanos appeals his conviction for possessing with intent to distribute more than 500 grams of cocaine, arguing that the evidence was insufficient to support the jury's verdict and that the prosecutor made improper remarks during closing argument. At trial, the evidence showed that Avila-Bujanos was caught at a border control checkpoint with cocaine secreted in the lining of a suitcase. His defense was that he did not know the suitcase contained

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drugs and that he was deceived by an unidentified individual who was allegedly going to pay him for transporting the suitcase to Houston, Texas.

**Sufficiency of the Evidence**

Avila-Bujanos challenges whether the Government sufficiently proved that he had knowledge of the cocaine hidden behind the lining of his suitcase. Because Avila-Bujanos preserved his sufficiency challenge by moving for judgment of acquittal at the close of both the Government's case and all the evidence, we review the denial of his motion *de novo. United States v. Mudekunye*, 646 F.3d 281, 285 (5th Cir. 2011). We will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the Government established all elements of the offense beyond a reasonable doubt. *Id.* We view the evidence and draw all reasonable inferences in the light most favorable to the verdict. *Id.* "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Anderson*, 174 F.3d 515, 522 (5th Cir. 1999) (quoting *United States v. Burton*, 126 F.3d 666, 669–70 (5th Cir. 1997)).

The Government presented evidence that after he was caught, Avila-Bujanos changed his version of how he came to possess the suitcase, admitted that his story was difficult to believe, and told federal agents that he was first offered $200 to transport the suitcase but convinced the person who gave it to him to pay him twice that amount. Moreover, the concealed 3,394 grams of cocaine had a street value of approximately $300,000. This evidence constituted circumstantial evidence of knowledge from which the jury could reasonably have reached a conclusion of guilt. *See United States v. Villarreal*, 324 F.3d 319, 324–25 (5th Cir. 2003) (explaining that a jury can reasonably infer knowledge based on the high value of the drugs being transported); *United States v. Ortega-Reyna*, 148 F.3d 540, 544 (5th Cir. 1998) (noting that inconsistent statements and implausible explanations are among the types of behavior

recognized as circumstantial evidence of guilty knowledge). Although Avila-Bujanos offered evidence that an accident in 1997 might have led to a decrease in his mental acuity and that he scored low on IQ and other intelligence tests, the jury was not required to accept the theory that Avila-Bujanos could not have known that the suitcase he was carrying contained drugs due to his diminished mental state. It was free to choose among reasonable constructions of the evidence and reject his defense. *See Mudekunye*, 646 F.3d at 285.

**Prosecutorial Misconduct**

Avila-Bujanos also challenges several remarks made during the prosecutor's closing argument that Avila-Bujanos was "smart enough" to open a bank account and manage his own money, suggesting that he was smart enough to infer that the bag he agreed to carry contained drugs. While his sister testified that Avila-Bujanos had his own bank account and that he cashed his own disability checks, there was no specific evidence that he was the individual who actually *opened* the bank account as stated by the prosecutor. Avila-Bujanos's sister also testified that his mother at least assisted in managing his money by giving him an allowance out of the disability checks. Avila-Bujanos contends that the statements by the prosecutor therefore were not supported by the evidence and constituted misconduct affecting his substantial rights and the fairness of the trial.

Because he did not object to the remarks during closing argument, our review is for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail, Avila-Bujanos must show there was an error that was clear or obvious and that it affected his substantial rights. *Id.* If he makes this showing, this court has the discretion to correct the error, but only if it seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* During closing argument, the prosecutor may only discuss the evidence that was admitted and any inferences or conclusions that can reasonably be drawn from the evidence. *United States v. Mendoza*, 522 F.3d 482, 491 (5th Cir. 2008). He

"may not directly refer to or even allude to evidence that was not adduced at trial." *Id.* (internal quotation marks and citation omitted).

Viewed in the context of the entire closing argument and of all the evidence, the prosecutor's remarks, to the extent that they were erroneous, did not affect Avila-Bujanos's substantial rights. *See United States v. Aguilar*, 645 F.3d 319, 325–26 (5th Cir. 2011) (explaining that the court should consider the potential magnitude of any prejudice of improper comments, whether cautionary jury instructions were provided, and the relative strength of the other inculpatory evidence); *United States v. Gracia*, 522 F.3d 597, 602–03 (5th Cir. 2008) (stating that the prosecutor's remarks are considered in the context of the evidence offered). While the prosecutor's statements were perhaps not entirely correct, the evidence showed that Avila-Bujanos had managed to live both on his own and with roommates and that he also had a girlfriend, which the prosecutor argued meant that Avila-Bujanos's mental capacity and ability to manage his personal affairs were not as limited as the defense contended. Moreover, during both cross-examination and closing argument, the prosecutor called into question the reliability of the intelligence tests administered to Avila-Bujanos to challenge the defense that his mental limitations played a role in being deceived by an unidentified individual asking him to transport the suitcase. The prosecutor also relied on testimony that Avila-Bujanos's statements to agents were inconsistent, his admission that he was able to convince the drug smuggler to pay a higher fee than that originally offered, and evidence that he was entrusted with valuable cargo to support an argument of guilt. Finally, the district court provided a cautionary jury instruction reminding jurors that the statements of the attorneys are not evidence. Given this context, the remarks that Avila-Bujanos complains of do not "cast serious doubt on the correctness of the jury's verdict." *Gracia*, 522 F.3d at 603 (internal quotation marks and citation omitted).

The judgment of the district court is AFFIRMED.